IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00862-BNB

NORMAN E. WIEGAND,

Applicant,

v.

ARISTEDES ZAVARES, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant Norman E. Wiegand is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Wiegand initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the El Paso County District Court in Case No. 87CR0835. In an order entered on May 22, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 11, 2008, Respondents filed an Answer, and on July 18, 2008, Mr. Wiegand filed a Reply to the Answer.

In his Application, Mr. Wiegand asserts that on March 4, 1988, he pled guilty to one count of second degree murder and was sentenced to forty-six years of

incarceration. (Application at 2.) He did not file a direct appeal, but filed two postconviction motions. (Application at 2-4.1.) He filed his first postconviction motion pursuant to Colo. R. Crim. P. 35(a) and (c) in September 2005, that was denied on October 6, 2005, and from which he did not appeal. (Application at 4.) He filed a second Rule 35(c) postconviction motion in September 2006, that was denied on November 2, 2006, and in which his petition for writ of certiorari to the Colorado Supreme Court was denied on February 25, 2008. (Application at 4.1.)

In the Answer, Respondents agree that Mr. Wiegand pled guilty on March 4, 1988, to one count of second degree murder. (Answer at 1.) They further assert, however, that Mr. Wiegand was sentenced to forty-six years of incarceration on April 1, 1988, and that he unsuccessfully sought reconsideration of his sentence on July 28, 1988, but that he did not file a direct appeal (Application at 1-2.)

Respondents also agree that in September 2005 Mr. Wiegand filed a postconviction motion to correct an illegally aggravated sentence, which the state trial court denied, and again from which he did not appeal. (Answer at 2.) They contend, however, that one year later, in October 2006, Mr. Wiegand moved to vacate his guilty plea and conviction in a postconviction motion. (Answer at 2.) They further contend that the motion was denied as untimely, and the denial was affirmed on appeal in September 2007, and that Mr. Wiegand sought certiorari review, but the Colorado Supreme Court denied his petition on February 25, 2008, with the mandate issuing on March 14, 2008. (Answer at 2.)

II. Analysis

The Court must construe liberally Mr. Wiegand's Application and Reply because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Wiegand should have filed his habeas Application by April 24, 1997. (Answer at 3.) They further contend that the time is not tolled for the time he spent pursuing his postconviction relief, because Mr. Wiegand did not file his postconviction motions until October 2006, which is well after April 24, 1997, when the one-year statute of limitations expired. (Answer at 3.)

Respondents conclude that Mr. Wiegand is time-barred because he fails to assert rare and extraordinary circumstances that may warrant equitable tolling of the one-year time limitation pursuant to 28 U.S.C. § 2244(d). (Answer at 4-5.) Respondents argue Mr. Wiegand's claim that he was incompetent until August 2005, when he ceased taking prescribed psychoactive, psychotropic, and tranquilizing medications, is unwarranted. (Answer at 4.) They further contend that the ingestion of Elavil, an antidepressant, does not equate to being adjudged incompetent or institutionalized, and citing to ***Biester v. Midwest Health Services, Inc.***, 77 F.3d 1264, 1268 (10th Cir. 1996), maintain that an adjudication of incompetency or institutionalization is required to constitute extraordinary circumstances that may warrant equitable tolling. (Answer at 5.)

Respondents also contend that Mr. Wiegand has not identified the illness for which he was being treated, and the fact that he was taking ameliorative medication weighs more in favor of his being able to function than not being able to function.

(Answer at 5-6.) Furthermore, Mr. Wiegand lists only one antidepressant that he has taken since he was transferred to the DOC in 1998 until August 2005. (Answer at 4, n.1.)

Respondents further argue that Mr. Wiegand was able to correspond with the Colorado Court of Appeals on a number of occasions in 1988, 1990, and 1996, and in 1996, he requested a copy of the record so that he may file a motion to withdraw his alleged involuntary guilty plea. (Answer at 6.) Respondents conclude that Mr. Wiegand not only was well aware of his postconviction rights in 1996, he also was aware of at least one ground for relief, and has failed to allege how the antidepressant rendered him unable to diligently pursue his claims until ten years after his conviction and sentence became final. (Answer at 7.)

In his Application, Mr. Wiegand asserts that pursuant to Colo. Rev. Stat. § 16-5-402(1) there is a three-year limitation on any collateral attack to his criminal conviction. (Application at 7.) He further contends that he qualifies for a justifiable excuse for not filing a collateral motion within the three years because he was continuously under the influence of psychoactive, psychotropic, and tranquilizing drugs until August 10, 2005. (Application at 7.1.)

In the Reply, Mr. Wiegand asserts that he did not know or understand that there is a difference between a direct appeal and a motion for postconviction relief until 2005 when he was conducting research in his postconviction motion. (Reply at 1-2.) He further asserts, relying on ***Von Pickrell v. People***, 163 Colo. 591 (1967), that the ingesting of tranquilizing medications does equate to mental incompetence. (Reply at 6-7.) Mr. Wiegand contends that in ***Von Pickrell*** the Colorado Supreme Court found

that if a defendant was under the influence of tranquilizing drugs at the time he changed his plea to guilty the plea is not free and voluntary. (Reply at 7.) He concludes that the finding in ***Von Pickrell*** extends to all other critical proceedings that require active participation by a competent defendant. (Reply at 7.) Mr. Wiegand concedes, however, that he has not been adjudicated incompetent or institutionalized, but that he would have been if the trial court and defense counsel would have acted properly and determined that he was incompetent to stand trial. (Reply at 7.)

Mr. Wiegand further asserts that the medication he was prescribed was not for ameliorative reasons, but was given to him because of his unstable behavior and to keep him from becoming violent. (Reply at 7.) Applicant also asserts that on the occasions he corresponded with the state district court, in 1988-90 and 1996, he remained on medication, and the letters and documents that were sent to the district court were created by a jailhouse lawyer for his signature. (Reply at 7-8.) Mr. Wiegand contends that he was heavily medicated and was not aware of his constitutional rights. (Reply at 8.) He further contends that his jailhouse lawyer was transferred to another facility in 1996, and he was not able to collaterally challenge his state criminal conviction until he quit taking the prescribed medication in 2005. (Reply at 8.)

In the absence of any reason to toll the limitations period, Applicant should have initiated this action prior to April 24, 1997, one year after 28 U.S.C. § 2244(d) became effective. ***See United States v. Simmonds***, 111 F.3d 737, 746 (10th Cir. 1997). Mr. Wiegand's motion to correct an illegal sentence was not filed until September 9, 2005. (Answer, Ex. A, Register of Actions, Case No. 87CR835.) Therefore, Mr. Wiegand did not have a postconviction motion or collateral proceeding pending in state court from

April 25, 1997, the day after the one-year limitation period ran pursuant to § 2244(d), until September 8, 2005, the day prior to when he filed the motion to correct an illegal sentence, a period of over eight years.

Mr. Wiegand does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application which were created by state action. Applicant, however, does attempt to assert that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence because of his continuing mental incompetency.

Upon review of the documents Mr. Wiegand has submitted in support of his mental incompetency claims, the Court finds several psychiatric individual contact forms that were completed by a DOC physician, and which provide an assessment of Mr. Wiegand's mental condition. The forms cover the period of time from 1990 through 1997. (Reply at Ex. M.) In one of the assessment forms dated February 13, 1997, the physician noted Mr. Wiegand as being alert, cooperative, and verbal during the assessment. (Reply at Ex. M.) In none of the assessment forms does Mr. Wiegand complain of any side effects caused by his prescribed medication. (Reply at Ex. M.) To the contrary, Mr. Wiegand, on September 27, 1988, stated that he felt better on Elavil than on any other drug that had been prescribed for him. (Reply at Ex. M.)

Furthermore, although Applicant was diagnosed with chronic depression in 1988, (Reply at Ex. M), on February 13, 1997, the DOC physician found no evidence of psychosis. (Reply at Ex. M.) Also, on October 12, 1987, as a result of a psychiatric examination that was conducted on Mr. Wiegand, the Colorado State Hospital Staff

Psychiatrist found that he even though Mr. Wiegand's superior intellect was damaged by the chronic drug usage, he still was of above average intelligence. (Reply at Ex. N.)

Based on the above findings, the Court concludes that Mr. Wiegand has failed to assert any basis for finding that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. Mr. Wiegand fails to submit any documentation that indicates prior to August 10, 2005, he was unable to communicate with either a state court or a jailhouse attorney and discover the factual predicate for the claims that he presents. Furthermore, Mr. Wiegand fails to state a reason why he waited until August 10, 2005, to discontinue taking the prescribed medications.

The Court, therefore, finds that the one-year limitation period began to run on April 25, 1996, the day after § 2244(d) became effective. Mr. Wiegand did not file his first postconviction motion until September 9, 2005. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. ***See Gibson v. Klinger***, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable

neglect is not sufficient to support equitable tolling. ***See id.*** Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. ***See Miller***, 141 F.3d at 978. Finally, Mr. Wiegand bears the burden of demonstrating that equitable tolling is appropriate in this action. ***See id.***

The Court does not find, as stated above, that Mr. Wiegand acted with due diligence in pursuing his state remedies. Nothing in the exhibits attached to his Reply provides evidence that the prescribed medication he claims to have taken from 1998 to 2005 rendered him mentally incompetent. Furthermore, to establish extraordinary circumstances under the equitable tolling doctrine Mr. Wiegand must show either institutionalization or an adjudication of mental incompetency. ***See Biester***, 77 F.3d at 1268. Mr. Wiegand concedes he was not institutionalized or adjudicated mentally incompetent. (Reply at 7.)

Finally, to the extent that Mr. Wiegand asserts he had limited or no knowledge regarding the issues he has raised in the instant Application until 2005, which he claims justifies excusable neglect, the claim fails to merit the finding of equitable tolling. First, excusable neglect is not sufficient to support equitable tolling. ***Gibson***, 232 F.3d at 808. Second, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." ***Marsh v. Soares***, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting ***Fisher v. Johnson***, 174 F.3d 710, 714 (5th Cir. 1999)).

The Court finds that Mr. Wiegand fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Wiegand has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review because the Application is time-barred under 28 U.S.C. § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00862-BNB

Norman E. Wiegand
Prisoner No. 58767
CTCF - 3-B-1R7
PO Box 1010
Cañon City, CO 81215- 1010

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/22/08

GREGORY C. LANGHAM, CLERK

By: ____________________
Deputy Clerk