IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00862-ZLW

NORMAN E. WIEGAND,

Applicant,

v.

ARISTEDES ZAVARES, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 11 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the *pro se* Motion for Reconsideration of Order of Dismissal filed by Applicant Norman E. Wiegand on September 2, 2008. Mr. Wiegand, a state prisoner housed at the Colorado Territorial Correctional Facility in Cañon City, Colorado, seeks reconsideration of the August 22, 2008, Order of Dismissal that denied his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Motion liberally because Mr. Wiegand is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion for Reconsideration will be denied.

The Court denied the Application and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The reasons for the dismissal are explained in detail in the August 22, 2008, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The August 22, 2008, Order denied the Application and dismissed the action. The instant Motion for Reconsideration was filed on September 2, 2008. Applicant filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position

2

correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court finds and concludes that Mr. Wiegand fails to demonstrate some reason why the Court should alter or amend the August 22, 2008, Order of Dismissal in this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion for Reconsideration of Order of Dismissal, (Doc. No. 18), filed September 2, 2008, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 11 day of Sept. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00862-ZLW

Norman E. Wiegand
Prisoner No. 58767
CTCF - 3-B-1R7
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/11/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk